DECISION
Defendant-appellant, Timothy C. Robinson, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him pursuant to his guilty plea to domestic violence and carrying a concealed weapon.
By indictment filed January 5, 2000 in case 00AP-536, defendant was charged with two counts of carrying a concealed weapon in violation of R.C. 2923.12, and one count of having a weapon under disability in violation of R.C. 2923.13. By indictment filed January 14, 2000 in case 00AP-538, defendant was charged with two counts of domestic violence in violation of R.C. 2919.25.
On February 16, 2000, defendant entered a guilty plea to a stipulated lesser-included offense of carrying a concealed weapon, a stipulated felony of the fifth degree in case 00AP-536. On the same day, defendant entered a guilty plea in case 00AP-538 to one count of domestic violence, a felony of the fifth degree.
Following a sentencing hearing on April 6, 2000, the trial court sentenced defendant to eleven months on each count and ordered that the sentences be served consecutively. Defendant appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF IMPRISONMENT FOR A FIFTH DEGREE FELONY WHEN THE COURT DID NOT FIND AND THE RECORD DOES NOT ESTABLISH ANY OF THE FACTORS SET FORTH IN R.C. 2929.13(B).
 II. THE TRIAL COURT ERRED IN ORDERING THE SENTENCES TO BE SERVED CONSECUTIVELY IN THE ABSENCE OF ANY EVIDENCE IN THE RECORD OF ANY OF THE FACTORS ENUMERATED IN R.C. 2929.14(E).
Defendant's first assignment of error contends the trial court erred in imposing a sentence of imprisonment on his guilty pleas to felonies of the fifth degree, as the trial court did not find, and the record does not establish, any of the factors set forth in R.C. 2929.13(B).
Pursuant to R.C. 2929.13(B)(1), with specified exceptions, the court in sentencing an offender for a felony of the fifth degree is to consider the enumerated factors and determine whether any of them applies. According to R.C. 2929.13(B)(2), once the trial court has made the necessary determination under (B)(1), the court is instructed as follows:
 (a) If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 (b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
Here, in sentencing defendant, the trial court stated:
 Mr. Robinson, for each of the two charges the sentence is 11 months in the state penitentiary, and those sentences are going to run consecutive with each other. I found that consecutive sentences are very necessary to protect the community from the seriousness of your conduct. I find that you are under indictment on the carrying concealed weapon when you committed domestic violence, and also no single prison term would adequately reflect the seriousness of the crimes. Consecutive sentences are necessary to protect the public from future crime.
 MR. SCHOPIS: Judge, I would only like to point out — I know this won't change your position, but he was not under indictment for carrying a concealed weapon.
THE COURT: He was charged.
 MR. SCHOPIS: And the case was dismissed. He was not indicted on the carrying concealed weapon until January 5th.
 THE COURT: All right. I stand corrected on that. I know he was charged with it prior to the domestic violence. (Tr. 4-5.)
Relevant to the issue under the first assignment of error, the court in its judgment entry stated it "has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is not mandatory pursuant to R.C.2929.13(F)."
In neither the sentencing hearing, nor the judgment entry, did the trial court explicitly find any of the factors set forth in R.C.2929.13(B)(1). The state contends that the trial court's findings arguably fall within the parameters of one of the subdivisions of R.C.2929.13(B)(1). Even if the state's contention be accurate, the state properly acknowledges that because the trial court imposed a sentence for a fifth-degree felony, R.C. 2929.19(B)(2) imposes further requirements:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * if it imposes a prison term for a felony of the fourth or fifth degree * * * its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender. (Emphasis added.)
The state concedes the trial court failed (1) to make the requisite findings under R.C. 2929.13(B)(2)(a), and (2) to indicate a determination that community control would not be consistent with, or a prison sentence would be more consistent with, the overriding purposes and principles of felony sentencing.
Agreeing with the state that the trial court failed to comply with the requisite statutory provisions, we sustain defendant's first assignment of error to the extent indicated. Because the transcript does not contain all of the materials the trial court considered, we decline to consider whether the record would support imposing a prison term on defendant.
Defendant's second assignment of error asserts the trial court erred in ordering the sentences to be served consecutively, absent the requisite findings and a record to support them.
Pursuant to R.C. 2929.14(E)(4), the trial court must find:
 [T]he consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Moreover, pursuant to R.C. 2929.19(B)(2)(c), the court must state its reasons for imposing consecutive sentences.
Here, even if the trial court can be said to have made some of the requisite findings under R.C. 2929.14(E)(4), it failed to state its reasons for imposing consecutive sentences, as the state concedes. Because the trial court failed to comply with the statutory requisites, we sustain defendant's second assignment of error to the extent indicated. The transcript does not contain all of the materials the trial court considered; thus we decline to determine whether the record would support imposition of consecutive sentences.
Having sustained both of defendant's assignments of error to the extent indicated, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 ____________________ BRYANT, J.
TYACK and PETREE, JJ., concur.